IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**LARRY WRIGHT,**

    Petitioner,

v.                               CIVIL ACTION NO. **3:07CV325**

**COMMONWEALTH OF VIRGINIA,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his April 5, 2007 conviction and sentence in Norfolk General District Court. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "'To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court.'" *Weeks v. Angelone*, 176 F.3d 249, 272 n.15 (4th Cir. 1999) (*quoting Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997)). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure the question presented." 28 U.S.C. § 2254(c).

Here, Petitioner has not presented any of his claims for federal habeas relief to the Supreme Court of Virginia and it appears that Petitioner is still able to pursue the same by a direct appeal or a state petition for a writ of habeas corpus. Therefore, by Memorandum Order entered on June 12, 2007, the Court directed Petitioner to show good cause why the § 2254

petition should not be dismissed without prejudice to his refiling after he has exhausted his state court remedies. Petitioner has not offered any plausible basis for excusing his lack of exhaustion. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

/s/
Richard L. Williams
United States District Judge

Dated: AUG - 7 2007
Richmond, Virginia